**THE CAVANAGH LAW FIRM**
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 1900
PHOENIX, ARIZONA 85004-4527
(602) 322-4000
www.cavanaghlaw.com

William M. Demlong, Esq. (SBN 7674)
wdemlong@cavanaghlaw.com
Tel: (602) 322-4000
Fax: (602) 322-4100

Pamela A. McKay, Esq. (SBN 7812)
pmckay@mckaylawfirmchtd.com
McKay Law Firm Chtd.
8440 West Lake Mead Blvd., Suite 112
Las Vegas, NV 89128
Tel: (702) 835-6956
Fax: (702) 835-6957

*Attorneys for Delaware Life
Insurance Company*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Delaware Life Insurance Company, | No. |
| Plaintiff, | |
| v. | **COMPLAINT IN INTERPLEADER** |
| Andrew John Glendon, individually and as Successor Trustee of the Glendon 1989 Trust, as amended and restated; and Russell Bradley Glendon, | |
| Defendants. | |

Delaware Life Insurance Company ("Delaware Life"), for its Complaint in Interpleader alleges as follows:

## JURISDICTION AND VENUE

1. Delaware Life is an insurance company incorporated under the laws of the State of Delaware, with its principal place of business in Zionsville, Indiana, and duly authorized to do business in Nevada. Delaware Life is a citizen of the State of Delaware and the State of Indiana.

2. This Court has jurisdiction over this matter pursuant to Rule 22, *Federal Rule of Civil Procedure* and 28 U.S.C. § 1332, in that there is complete diversity between plaintiff and defendants and the amount in controversy exceeds $75,000.00.

3. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 because the claim presented to this Court with respect to the Delaware Life annuity contract arose in this district since the claimants are citizens of the State of Nevada and the beneficiary dispute arose because of the death of the contract holder in Nevada.

4. Upon information and belief, Andrew John Glendon ("Andrew") is a resident of Clark County and a citizen of the State of Nevada.

5. Upon information and belief, Russell Bradley Glendon ("Russell") is a resident of Washoe County and a citizen of the State of Nevada.

6. Upon information and belief, Andrew John Glendon ("Trustee"), is the Successor Trustee of the Glendon 1989 Trust, as amended and restated ("Trust") which was executed and administered in the State of Nevada.

7. Jurisdiction is proper pursuant to Rule 22, Federal Rules of Civil Procedure, and 28 U.S.C. § 1332(a) in that there is diversity among the claimants and Delaware Life the amount at issue exceeds the jurisdictional limit of $75,000.00.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 in that at least one of the defendants resides within the District of Nevada.

## FACTUAL BACKGROUND

9. On or about May 22, 2007, Sun Life Assurance Company of Canada (U.S.) ("Sun Life") issued Masters Flex Variable Annuity Contract number XXXXXXXXXX6475 ("Annuity Contract") to John E. Glendan ("John" or "Decedent"). A true and correct specimen copy of the Annuity Contract is attached hereto as **Exhibit A**. A copy of the Sun Life Financial Masters Flex Annuity Application ("Application") for the Annuity Contract is attached hereto as **Exhibit B**.

10. In the Application, John named Sally Glendon ("Sally"), his wife, as the primary beneficiary to the Annuity Contract. John named as contingent beneficiary the "Glendon Trust u/A/D 9/7/89".

11. On July 21, 2014, Sun Life changed its name to Delaware Life Insurance Company. All terms and conditions of its issued annuity contracts remained unchanged and fully applicable.

12. Notice of this name change was provided to John in a June 24, 2015 letter, attached hereto as **Exhibit C**.

13. Decedent died on December 12, 2020.

14. As primary beneficiary to the Annuity Contract and John's surviving spouse, Sally had the option electing to receive the Annuity Contract proceeds in a lump sum or continuing the Annuity Contract as the new owner and annuitant.

15. Sally elected to continue the Annuity Contract as the new owner and annuitant, as reflected in the election form attached here to as **Exhibit D.**

16. As a result of Sally's election, Delaware Life sent a February 19, 2021 letter to Sally confirming the Annuity Contract was reregistered to her and that her primary

beneficiary under the Annuity Contract was the "Estate of Sally A. Glendon". The February 19, 2021 letter is attached hereto as **Exhibit E**.

17. On or about March 8, 2021, Sally submitted a Beneficiary Change form to Delaware Life, attached hereto as **Exhibit F**. Sally designated Andrew John Glendon and Russell Bradley Glendon as the primary beneficiaries under the Annuity Contract; each was designated to receive fifty percent (50%) of the proceeds upon her death.

18. The change of beneficiary was confirmed to Sally in a Delaware Life letter dated May 18, 2021, and is attached hereto as **Exhibit G**.

19. On or about November 3, 2023, Sally submitted a Beneficiary Change form to Delaware Life, attached hereto as **Exhibit H**. Sally designated Russell Bradley Glendon as the primary beneficiary to receive one hundred percent (100%) of the Annuity proceeds upon her death. Sally listed "Glendon Family Trust" as the contingent beneficiary which would receive one hundred percent (100%) of the proceeds.

20. Sally Glendon died on December 11, 2023.

21. On or about December 12, 2023 Delaware Life received a Notice of Death report.

22. On or about December 21, 2023, Delaware Life received a December 20, 2023 letter from the attorneys for Andrew J. Glendon, as Trustee of the Glendon 1989 Trust, as restated and amended and a Personal Representative of the Sally A. Glendon Estate. A copy of the December 20, 2023 letter is attached as **Exhibit I**.

23. As Trustee, Andrew, through counsel, advised Delaware Life to freeze all assets, including the Annuity Contract. Counsel asserted: "[u]pon information and belief, certain actions were taken in the weeks leading up to Ms. Glendon's death with respect to

the Annuity Contracts, including actions that may have been taken in connection with the beneficiary designations of those accounts."

24. Thereafter, Delaware Life responded to counsel on February 14, 2024 explaining that it had restricted the Annuity Contract to prevent any distributions based on the claims in counsel's December 20, 2023 letter. See February 14, 2024 attached here to as **Exhibit J**.

25. On our about March 13, 2024, Russell submitted a request for Lump Sum settlement, a copy of that request is attached as **Exhibit K**.

26. Trustee's counsel emailed Delaware Life on or about March 20, 2024 to assert "Delaware Life should hold the subject funds until it receives a court order." Counsel goes on to assert the Trustee's position that Sally could not change the beneficiary on the Annuity Contract as the beneficiary designations as of John's death became irrevocable.

27. Delaware Life has therefore been presented with competing claims to the proceeds due under the Annuity Contract. The proceeds presently payable under the Annuity contract total $279,998.36 as of April 4 , 2024. As this is a variable annuity contract, the actual proceeds at distribution can fluctuate up or down.

28. Rule 22 of the *Federal Rules of Civil Procedure* permits an action for interpleader if the Plaintiff is exposed to double or multiple liability because of competing claims.

29. To the extent any defendant fails to appear or otherwise respond to this complaint upon being duly served with same, that defendant admits they have no claim or right in the Annuity Contract or to the Annuity Contract benefits. The defendant also agrees that Delaware Life is entitled to an order discharging Delaware Life and/or its agents

- 5 -

from any and all further liability to any person or entity with respect to the Annuity Contract referenced above and is entitled to recover its costs and attorneys' fees in bringing this action.

30. Based upon the foregoing, there are conflicting claims for the Annuity Contract proceeds.

31. Delaware Life is unable to determine the proper beneficiary under the Annuity Contract without the risk of multiple liability due to the defendants' competing claims.

32. Delaware Life claims no interest in the benefits due, except recovery of reasonable fees and costs requested below.

33. Delaware Life is entitled to an award of its attorneys' fees and costs reasonably incurred in bringing this interpleader action, payable from the proceeds to be deposited with the Court.

34. As a result of the continuing and conflicting claims, this Interpleader is necessary to ensure that the Annuity Contract proceeds are paid to the proper beneficiary(ies).

35. Delaware Life is prepared to deposit the proceeds owed under the Annuity Contract with the Clerk of the Court for disposition to whomever the Court finds is entitled to the proceeds under the Annuity Contract.

WHEREFORE, Delaware Life requests judgment as follows:

    a. For an order for leave to deposit the Annuity Contract death benefits and interest with the Clerk of the Court in the Court's Registry Account under 28 U.S.C. § 2041 and LR 67-2;

b. The order of this Court pursuant to 28 U.S.C. § 2361 issuing its process to all claimants named herein above as defendants, to be addressed to the claimants and (unless the defendants agree to waiver of service) served personally where the claimants reside or may be found, and concurrently therewith, the order of this Court restraining said defendants from instituting or prosecuting any proceeding in any state or United States Court affecting the Annuity Contract proceeds thus to be interplead;

c. For an order discharging Delaware Life and or its agents from any and all further liability to any person or entity with respect to the Annuity Contract referenced above, dismissing it from this action and awarding it its cost and attorneys' fees reasonably incurred in bringing this action, such cost and fees to be payable for the proceeds deposited with the Court; and

d. That Delaware Life is awarded such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 5th day of April, 2024.

**THE CAVANAGH LAW FIRM, P.A.**

By: _____s/William M. Demlong_____
William M. Demlong
1850 North Central Avenue, Suite 1900
Phoenix, Arizona 85004

Pamela A. McKay
McKay Law Firm Chtd.
8440 West Lake Mead Blvd., Suite 112
Las Vegas, NV 89128
*Attorneys for Delaware Life Ins. Co.*